Aaron Kaufmann, Cal. Bar No. 148580
David Pogrel, Cal. Bar No. 203787
HINTON, ALFERT & SUMNER
1646 North California Boulevard, Suite 600
Walnut Creek, California 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

Richard J. (Rex) Burch, Texas Bar No.24001807
BRUCKNER BURCH PLLC
1415 Louisiana, Suite 2125
Houston, Texas 77002
Telephone: (713)877-8788
Facsimile: (713)877-8065
*Pro Hac Vice*

Attorneys for Plaintiff and the Putative Class

Cindi L. Pusateri (CA State Bar No. 216899)
cpusateri@meyerwhite.com
Hien Nguyen (CA State Bar No. 229794)
hnguyen@meyerwhite.com
MEYER WHITE LLP
600 Wilshire Blvd., Suite 960
Los Angeles, California 90017
Telephone:   (213) 330-1760
Facsimile:    (213) 330-1759

Theodore ("Ted") D. Meyer (admitted *pro hac vice*)
tmeyer@meyerwhite.com
Julia Lynn Nye (CA State Bar No. 160092)
jnye@meyerwhite.com
MEYER WHITE LLP
600 Travis Street, Suite 900
Houston, Texas 77002
Telephone:   (713) 951-1400
Facsimile:    (713) 951-1499
Attorneys for Defendants Lennar Associates Management, LLC
and Lennar Corporation dba Lennar Homes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GUNDERSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENNAR ASSOCIATES MANAGEMENT, LLC; LENNAR CORPORATION, dba LENNAR HOMES; and DOES 1- 10, inclusive,<br><br>Defendants. | No. C09-02270 CRB<br><br>**STIPULATED MOTION [AND PROPOSED ORDER] TO LIFT STAY ON PROCEEDINGS AND REQUEST FOR STATUS CONFERENCE**<br><br>**Honorable Charles R. Breyer** |

Plaintiff Eric Gundersen ("Plaintiff") and defendants Lennar Associates Management, LLC, and Lennar Corporation dba Lennar Homes ("Lennar" or "Defendants") (collectively, the "Parties"), hereby report to the Court that they have been unsuccessful in negotiating a written settlement agreement for this lawsuit, and they seek to lift the stay of proceedings in this case and set the pending disputed motions for hearing.

The Parties have been able to reach an agreement on several scheduling and administrative matters, and thus present them as a Stipulation herein. For those scheduling matters where the Parties have been unable to reach an agreement, they state their respective positions herein and respectfully request a status conference in order to present the issues to the Court.

**Procedural History**

1. This lawsuit was filed on April 20, 2009.

2. No trial date has been set in this matter.

3. Four disputed motions are currently pending before this Court. They are: (1) Plaintiff's motion for leave to file an amended complaint to add FLSA claims; (2) Plaintiff's motion for conditional certification and notice under the FLSA; (3) Lennar's motion to deny class certification under Rule 23 of the Federal Rules of Civil Procedure; and (4) Plaintiff's motion to dismiss Lennar's Counterclaim. (D.E. #46, 59/61, 100, and 132, respectively; collectively, the "Disputed Motions").

4. Previously, the Court granted Lennar's request to hear the four Disputed Motions at a consolidated hearing, on the same date, in the interests of judicial efficiency and economy. (D.E. #139).

5. After the Court's Order, the Parties requested that the consolidated hearing be vacated and the case stayed in order to allow the Parties an opportunity to attempt to finalize a written settlement agreement. Thus, on September 16, 2010, the Court entered an Order staying this lawsuit in its entirety through November 12, 2010 and vacating the hearing dates on the Disputed Motions. (D.E. #143).

6. No other deadlines or events are scheduled in this matter.

## Stipulations Regarding Administrative and Scheduling Matters

7.  Subject to the Court's approval, the Parties hereby stipulate to the following:

   a)  The Parties agree that Plaintiff's motion for leave to file his proposed First Amended Complaint (D.E. #46) should be heard in advance of the other three Disputed Motions. Plaintiff's Original Complaint did not include any claims under the FLSA. Lennar opposed Plaintiff's motion for leave to amend his complaint in order to add the FLSA claims (D.E. #90). Determining as a preliminary matter whether leave should be granted to allow Plaintiff to add his proposed FLSA claims will set the course for whether Plaintiff's motion for conditional certification under the FLSA is rendered moot or should go forward.

   b)  Lennar filed its motion to deny class certification under Rule 23 of the Federal Rules of Civil Procedure on June 15, 2010. (D.E. #100). Plaintiff requests and Lennar agrees that the parties have enlarged page limits for their respective briefing on this matter. The Parties accordingly agree that the page limits (exclusive of exhibits and appendices) be enlarged as follows: (i) for Plaintiff's opposition to Lennar's motion, 30 pages; (ii) for Lennar's reply to Plaintiff's opposition to Lennar's motion, 20 pages; and (iii) in the event that Lennar amends its opening brief on its motion to deny certification, 30 pages.[1]

   c)  Plaintiff anticipates that in or about May 2011, he will file a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff requests and Lennar agrees that the parties have enlarged page limits for their respective briefing on Plaintiff's anticipated motion. The Parties accordingly agree that the page limits (exclusive of exhibits and appendices) be enlarged as follows: (i) for Plaintiff's opening brief, 30 pages; (ii) for Lennar's opposition to Plaintiff's motion, 30 pages; and (iii) for Plaintiff's reply to Lennar's opposition to Plaintiff's motion, 20 pages.

   d)  Plaintiff moved to dismiss Lennar's counterclaim. (D.E. #132). The Parties agree that Plaintiff's motion to dismiss Lennar's counterclaim should be heard on the same date

---

[1] Plaintiff has previously requested and the Court approved an enlargement of the page limitations for the Parties' respective briefing on Rule 23 motion(s). (D.E. #138). Plaintiff's instant herein request seeks to enlarge the opening and responsive briefing a further 5 pages, and to enlarge the reply briefing as well, and Lennar does not oppose this request.

STIPULATED MOTION [AND PROPOSED ORDER] TO LIFT    - 3 -
STAY ON PROCEEDINGS AND REQUEST FOR STATUS
CONFERENCE - C09-02270 CRB

and at the same time as Lennar's motion to deny certification under Rule 23 (D.E. #100), in the interest of judicial economy.

       e)     The Parties respectfully request that the Order staying proceedings (D.E. #143) be terminated and that the stay of proceedings be lifted in all respects.

### Additional Administrative Matters to Be Determined

8.     The Parties seek to have Lennar's Rule 23 motion to deny certification (D.E. #100) and Plaintiff's motion for conditional certification and notice under the FLSA (D.E. #59/61) set for hearing.[2] Plaintiff seeks to have his motion for conditional certification heard *in advance of* Lennar's Rule 23 motion to deny certification; Lennar, however, seeks to have the motions set for hearing on the same date and time, as was previously ordered. Because the Parties are unable to reach an agreement on the scheduling of these motions, and for other reasons set forth below, they respectfully request a status conference with the Court if these issues are not decided by submission.

       a)     **Plaintiff's position**: Plaintiff seeks to have Lennar's Rule 23 motion to deny certification heard at the same time as Plaintiff's anticipated Rule 23 motion for certification, as they will raise similar if not identical factual and legal issues. Plaintiff anticipates filing his motion for Rule 23 certification in May 2011; thus, under this proposal, the dueling Rule 23 motions would be heard in June 2011. Plaintiff does not believe there is any reason to delay hearing Plaintiff's motion for conditional certification under Rule 216(b), as it is fully briefed. Moreover, the Rule 216(b) motion involves different standards than those that will be at issue in the Rule 23 motions. Putative collective action members should be given the FLSA opt-in notice as soon as practicable so that they can learn about the case and decide on their level of involvement.

While this case has been pending for 18 months, there has been little discovery to date due to the parties' settlement negotiation efforts. At Lennar's insistence, the Parties engaged in limited amount of discovery prior to the March 2010 mediation. Since then Plaintiff has made numerous

---

[2] As stated above, the Parties agree that Plaintiff's motion to dismiss Lennar's counterclaim should be heard at the same time as Lennar's Rule 23 motion to deny certification.

STIPULATED MOTION [AND PROPOSED ORDER] TO LIFT   - 4 -
STAY ON PROCEEDINGS AND REQUEST FOR STATUS
CONFERENCE - C09-02270 CRB

1   attempts to schedule the depositions of several of the 17 witnesses for whom Lennar offered
2   declarations in support of its motion to deny class certification and in opposition to the Rule 216(b)
3   motion, but Lennar has never agreed to any dates certain. Throughout much of July 2010, the
4   parties engaged in further settlement negotiation efforts with the assistance of mediator David
5   Rotman, resulting in an agreement as to a total sum payment to resolve this matter. During this
6   period of negotiations, at Lennar's request, the parties suspended scheduling depositions and other
7   discovery efforts. The parties then devoted much of August and September negotiating over the
8   terms of the proposed class action settlement, but were not able to reach agreement on those terms.
9   At the parties request, the Court on September 12, 2010 stayed all discovery until November 12,
10  2010 (D.E. #143), as referenced above. For the past several weeks, Plaintiffs have requested dates
11  to commence management witness depositions in early or mid-November 2010. On October 26,
12  2010, Lennar informed Plaintiff that no witnesses would be available for deposition until
13  December. In light of the availability of the defense witnesses, Plaintiff, under his proposal, will
14  have approximately four months to conduct the necessary discovery to prepare his Rule 23 motion
15  and to oppose Lennar's Rule 23 motion.
16      Plaintiff respectfully requests a CMC in order to more fully address Lennar's position
17  below and address any concerns or questions the Court might have. A CMC would also facilitate
18  the actual calendaring of hearings, as counsel would be present with their calendars. Therefore,
19  Plaintiff opposes Lennar's request that these case management issues be determined by this
20  submission.
21      b)    **Lennar's position**: Rather than further delay the hearing on Lennar's Rule
22  23 motion for another 8 months, while Plaintiff prepares his own Rule 23 motion for certification,
23  Lennar seeks to have its Rule 23 motion to deny certification heard at the earliest available
24  opportunity, and Lennar seeks to have Plaintiff's Rule 216(b) motion for conditional certification
25  under the FLSA heard on the same date.
26      To accommodate Plaintiff and Lennar's prior request that Lennar's Rule 23 motion
27  to deny certification be heard at the same time as Plaintiff's motion for conditional certification,
28  Lennar has previously offered and the Court has approved limited equitable tolling on Plaintiff's

proposed FLSA claim. *See* D.E. #139 and D.E. #143.[3] Because Lennar continues to seek to have Lennar's Rule 23 motion set for hearing on the same date as Plaintiff's Rule 216(b) motion for conditional certification, Lennar has offered to extend the equitable tolling such that the statute of limitations for Plaintiff's proposed claim for unpaid overtime under the FLSA would be tolled for the period from and including November 12, 2010 to and including the date that Lennar's Rule 23 motion to deny class certification, Plaintiff's motion for conditional certification and notice under the FLSA, and Plaintiff's motion to dismiss Lennar's counterclaim are heard, ***provided that*** all three motions be heard together on the same date in a consolidated hearing.[4]

Rule 23 requires that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). As held by the Ninth Circuit, defendants may move to deny class certification before the plaintiff files his motion to certify a class. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009). This may be done before the pretrial motion deadline and before the discovery cutoff. *Id.*

Lennar's Rule 23 motion to deny certification has been on file for more than 4 months, and this case has been pending for more than 18 months. Under Plaintiff's proposed schedule, Lennar's Rule 23 motion will be pending for more than a year before it is heard. This defeats the purpose of Lennar having filed a preemptive motion to deny certification and is void of any deference to Rule 23(c)'s mandate that a Court shall decide whether to certify an action as a class action at an early practicable time,

To support his request to delay hearing Lennar's Rule 23 motion to deny certification by another 8 months, Plaintiff argues that Plaintiff's anticipated Rule 23 motion for certification (to be filed in May 2011) "will raise similar if not identical factual and legal issues." This argument proves too much: if Plaintiff's anticipated motion will raise similar or identical factual and legal issues, then Lennar's Rule 23 motion to deny certification should go forward now, and Plaintiff can present his legal and factual positions in response to Lennar's Rule 23 motion.

---

[3] This tolling shall expire on November 12, 2010 (*see id.*), and no claims that were expired prior to the Court's orders approving Lennar's limited tolling offer were revived or shall be revived. *See id.*

[4] To date, Plaintiff has declined this offer, and thus the prior tolling agreement shall terminate on November 12, 2010.

STIPULATED MOTION [AND PROPOSED ORDER] TO LIFT - 6 -
STAY ON PROCEEDINGS AND REQUEST FOR STATUS
CONFERENCE - C09-02270 CRB

Indeed, Plaintiff was served with Lennar's motion more than 4 months ago, and thus has already had an extended opportunity to prepare his legal research and briefing on Lennar's motion. Plaintiff has had the last known contact information for more than 10% of the 465-member putative class for most of this year, and Plaintiff has conducted extensive discovery against Lennar before and after mediation of this case. Regarding the depositions Plaintiff seeks to take, Lennar has offered to schedule the depositions in early December and has sought Plaintiff's counsel's availability for the same. If Lennar's Rule 23 motion to deny certification is set for hearing in late January or early February, it will provide Plaintiff the opportunity to complete his depositions in early December, well in advance of his deadline to respond to Lennar's motion.

Plaintiff's argument also is consistent with the Court's prior Order scheduling the Disputed Motions for a consolidated hearing on the same date. As the Court has previously found, the interests of judicial economy and efficiency and cost-savings are best served if Lennar's Rule 23 motion to deny certification is heard at the same time as Plaintiff's Rule 216(b) motion for conditional certification under the FLSA. (D.E. #139).[5] The evidence submitted by Lennar in support of its motion to deny class certification and its opposition to Plaintiff's motion for conditional certification is nearly identical— 19 identical declarations and 1 additional declaration. If both motions are heard at the same time, the Court would only have to review and prepare for a single hearing that relies upon largely the same evidence, instead of duplicating this effort for two different hearing dates. *Compare* D.E. 69-1 to 88 with 100-1 to 119; *see* the Court's Order previously setting the matters for a consolidated hearing at D.E. #139, over Plaintiff's objection (*see* D.E. #125 and #134, filed by Plaintiff seeking to continue the hearing on Lennar's Rule 23 motion until such time as Plaintiff would be ready to move for certification under Rule 23, while proceeding in advance with Plaintiff's motion for conditional certification and notice under the FLSA; and D.E. #128, 129, and 136, filed by Defendants and setting forth the prevailing arguments for having the pending Disputed Motions heard contemporaneously, including Lennar's Rule 23 motion and Plaintiff's FLSA motion for conditional certification). The Court previously set

---

[5] (That is, if Plaintiff's motion for leave to amend his complaint to add his FLSA claims is granted; otherwise, if such motion is denied, Plaintiff's motion for conditional certification will be rendered moot).

STIPULATED MOTION [AND PROPOSED ORDER] TO LIFT     - 7 -
STAY ON PROCEEDINGS AND REQUEST FOR STATUS
CONFERENCE - C09-02270 CRB

Lennar's Rule 23 motion to deny certification for hearing on the same date as Plaintiff's Rule 216(b) motion for conditional certification and notice, where those pending motions raise similar if not identical factual and legal issues (although under differing legal standards for certification). Thus, for the very same reason that Plaintiff seeks to have his anticipated Rule 23 motion for certification heard on the same date as Lennar's pending Rule 23 motion, Plaintiff's Rule 216(b) motion for conditional certification should be heard on the same date as Lennar's Rule 23 motion.[6]

Finally, Lennar believes the scheduling of the Disputed Motions can be decided by the Court upon submission rather than requiring a status conference. The Parties' respective positions are set forth herein, and the outstanding issues are narrow.

**Conclusion**

Because the Parties have been unable to resolve the matter of the timing and order of hearings of their respective certification hearings, they respectfully request that the Court set a status conference on November 12, 2010 or as soon as possible thereafter in order to provide guidance for the scheduling of such disputed motions and to address the administrative matters presented herein.

Dated: October 29, 2010                    Respectfully submitted,

                                           HINTON ALFERT & SUMNER

                                           By: _____
                                           David Pogrel
                                           Counsel for Plaintiff
                                           ERIC GUNDERSEN

Dated: October 29, 2010                    MEYER WHITE LLP

                                           By: _____
                                           FOR Cindi L. Pusateri
                                           Counsel for Defendants LENNAR ASSOCIATES
                                           MANAGEMENT, LLC and Defendant LENNAR
                                           CORPORATION dba LENNAR HOMES

---

[6] And, as offered above, extending the equitable tolling on Plaintiff's proposed overtime claims under the FLSA from November 12, 2010, through the date of a consolidated hearing on Lennar's Rule 23 motion to deny certification and Plaintiff's Rule 216(b) motion for conditional certification would eliminate any potential prejudice to potential opt-in plaintiffs.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED:

(1) The stay of proceedings is terminated (D.E. #143) and the previously ordered tolling period shall terminate on November 12, 2010 (*see id.*);

(2) A Status Conference shall be set for _____, 2010, in order to set the briefing and hearing schedules for the following four matters: (1) Plaintiff's motion for leave to file an amended complaint to add FLSA claims; (2) Plaintiff's motion for conditional certification and notice under the FLSA; (3) Lennar's motion to deny class certification under Rule 23 of the Federal Rules of Civil Procedure; and (4) Plaintiff's motion to dismiss Lennar's Counterclaim. (D.E. #46, 59/61, 100, and 132, respectively; collectively, the "Disputed Motions"); and

(3) The Court approves the Parties' stipulation to enlarge page limits as set forth in paragraphs 7(b) and 7(c) above.

Dated: _____                    _____

                                                                    HON. CHARLES R. BREYER