1  Aaron Kaufmann, Cal. Bar No. 148580
2  David Pogrel, Cal. Bar No. 203787
   HINTON, ALFERT & SUMNER
3  1646 North California Boulevard, Suite 600
   Walnut Creek, California 94596
4  Telephone: (925) 932-6006
   Facsimile: (925) 932-3412
5
   Richard J. (Rex) Burch, Texas Bar No.24001807
6  BRUCKNER BURCH PLLC
   1000 Louisiana Street, Suite 1300
7  Houston, Texas 77002
   Telephone: (713)877-8788
8  Facsimile: (713)877-8065
   *Pro Hac Vice*
9
   Attorneys for Plaintiff and the Putative Class
10
11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA

13  ERIC GUNDERSEN, on behalf of himself and       No. C09-02270 CRB
    all others similarly situated,
14                                                  **DISCOVERY DISPUTE
              Plaintiff,                            SUBMISSION RE: WITNESS
15                                                  IDENTIFICATION
          v.                                        (CONSTRUCTION MANAGERS)**
16
    LENNAR ASSOCIATES MANAGEMENT,                   Mag. Judge Maria-Elena James
17  LLC; LENNAR CORPORATION, dba                    Crtrm. B
    LENNAR HOMES; and DOES 1- 10, inclusive,
18
              Defendants.
19

20          Pursuant to paragraph 2 of your Honor's Standing Order re Discovery & Disputed

21  Procedures, Counsel for the parties hereby attest that counsel met and conferred, in person,

22  regarding the discovery issues present in Exhibit A, attached hereto.

23          The dispute presented is the extent to which Plaintiff should be allowed discovery as to the

24  Construction Manager ("CM") job. Plaintiff seeks names and contact information for those who

25  have served as Construction Managers. Plaintiff also seeks production of Construction Manager

26  job descriptions for all 17 divisions that existed during the relevant time period within the state of

27  California and not just the one division for which Defendant has produced, which is addressed in a

28  separate concurrently-filed letter.

DISCOVERY DISPUTE SUBMISSION WITNESS                        - 1 -
IDENTIFICATION (CONSTRUCTION MANAGERS) --
09-02270 CRB

1    The procedural background of this action is set forth in the concurrently-filed letter

2    concerning the parties' dispute regarding CM job descriptions.

3    DATED: November 24, 2010

4    HINTON, ALFERT & SUMNER                    MEYER WHITE

5

6    _____          _____

7    AARON KAUFMANN                  for CINDI PUSATERI

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gundersen v. Lennar Associates Management, LLC, et al.**, Case No. c09-02270 CRB

**Plaintiff's Interrogatories, Set Four, Nos. 10-11:**

These interrogatories ask Lennar to identify and provide contact information for current (No. 10) and former (No. 11) employees who have served in the CM position during the Class Period. Defendant Lennar has limited its response to providing information for the three CMs who served in the Bay Area Homebuilding Division that Plaintiff identified as purportedly having relevant knowledge. Lennar did not produce home addresses or telephone numbers for two of the three; rather, the Company stated that those individuals could be contacted through Lennar in order to protect its asserted privilege.

**Plaintiff's Position**

Information is discoverable that is both relevant to the subject matter involved in the pending action and reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). A "relevant" matter is "any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case" and is not limited to only those specific issues raised in the pleadings. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Karnazes v. County of San Mateo*, 2010 WL 1910522 *4 (N.D. Cal. May 11, 2010)(James, MJ). Rule 26 further provides that relevant matter includes the identity and location of persons who know of any discoverable matter. *Karnazes v. County of San Mateo*, 2010 WL 1910522 *4 (N.D. Cal. May 11, 2010)(James, MJ).

As explained in the separate letter dealing with the discoverability of the CM job descriptions, the Assistant Construction Manager ("ACM") position is largely defined in relation to the CM position, and thus it is imperative that Plaintiff be afforded discovery as to the roles and duties of the CM position. Moreover, the ACMs typically report to a CM. CMs are therefore important witnesses as to the duties and responsibilities of the ACMs. This is underscored by Lennar's own evidence offered in support of its Motion to Deny Class Certification, which includes declarations from five current and former CMs. *See* DK 104, 107, 109, 111, 112. Thus, even Lennar itself has demonstrated that CMs can be relevant witnesses in the context of class certification. Moreover, it is important that Plaintiff have access to these witnesses from throughout the state, as Lennar's own evidence spans several of the 17 divisions at issue.[1]

Central to the discovery process is the identification of potential witnesses. "The disclosure of the names and addresses of potential witnesses is a routine and essential part of pretrial discovery." *Puerto v. Superior Court*, 158 Cal App. 4th 1242, 1249-50 (2008) (quoting *People v. Dixon*, 148 Cal. App. 4th 414 (2007)). Indeed, our discovery system is founded on the

---

[1] Even as to the Bay Area division, Lennar has failed to disclose all who have served as CMs. This is evidenced by the fact that it has filed declarations from two Bay Area CMs—Shane Burgess (DK 104) and Christopher Larson (DK 111)--who were not disclosed in Lennar's responses to the subject interrogatories. As Lennar has already culled through its ranks of CMs to garner evidence to support its denial of class certification, it would be patently unfair to limit Plaintiff to just three CMs (two of whom they can only contact through defense counsel). Lennar should be ordered to provide contact information for all those who have served as CMs, and specify who is a current and who is a former employee as requested in the interrogatories.

understanding that parties use discovery to obtain names and contact information for possible witnesses as the starting point for further investigations. *Id.* at *5.

This Court has previously determined that contact information of witnesses is relevant and thus discoverable in the class action context. *Khalilpour v. Cellco Parntership*, 2010 WL 1267749, at *2 (N.D. Cal. April 11, 2010)(James, MJ) (finding the production of telephone numbers, along with name and address, is relevant and reasonably calculated to lead to the discovery of evidence relevant to class certification issues and observing that such witness discovery is common place).

Nevertheless, Lennar argues that Plaintiff should not be allowed access to the contact information for these witnesses, due to privacy concerns. However, unlike privileged information, the protection afforded to privacy claims is qualified, not absolute. *Khalilpour*, 2010 WL 1267749, at *3; *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 966 (2008). In each case, the court must balance the right of privacy asserted against the need for discovery. *Khalilpour*, at *3; *Pioneer Electronics v. Superior Court*, 40 Cal 4th 360, 372 (2007). To conduct this evaluation, a court must determine whether the person claiming the privacy right has a legally protected interest; whether the individual has a reasonable expectation of privacy under the particular circumstances, including the customs, practices and physical settings surrounding the particular activities; and whether the invasion of privacy is serious rather than trivial. *Khalilpour*, at *3; *Crab Addison*, 169 Cal. App. 4th at 966 (citations and quotations omitted).

Defendant's proposed analysis – that includes that Plaintiff must demonstrate a compelling need for the information if privacy is in the mix – is an improper analytical framework. *See Puerto*, 158 Cal. App. 4th at 1251. The proper analysis is: (1) a claimant must posses a "legally protected privacy interest;" (2) the claimant must have a reasonable expectation of privacy under the particular circumstances, including the customs, practices, and physical settings surrounding the particular activity; (3) the invasion of privacy must be serious in nature, scope and actual or potential impact; and, (4) if there is a reasonable expectation of privacy and the invasion of privacy is serious, then the court must balance the privacy interest at stake against other conmpeting or countervailing interests, which include the interest of the requesting party, fairness to the litigants in conducting the litigation, and the consequences of granting or restricting access to the information. *Pioneer*, 40 Cal.4th at 370-71.

In *Khalipour*, this Court determined, utilizing the *Pioneer* methodology, that contact information of witnesses is discoverable. There the court determined that the privacy interests are light and easily outweighed by the potentially relevant information the witnesses might offer. *See* 2010 WL 1267749 at *3 and cases cited therein. ; *see also Pioneer*, 40 Cal.4th at 373 (identify of witnesses is generally discoverable); *Puerto*, 158 Cal. App. 4th at 1253 (contact information for witnesses, "while personal, is not particularly sensitive, as it is merely contact information, not medical or financial details, political affiliations, sexual relationships, or personnel information" ). This is basic civil discovery. *Puerto*, 158 Cal.App.4th at 1253. Nothing could be more ordinary than finding out the identification of witnesses so that they may be contacted and additional investigation performed. *Id.* at 1255.

Finally, Defendant's objection pursuant to Rule 2-100 of the California Rules of Professional Conduct is misplaced. Whether or not Plaintiff's counsel can directly contact current CMs is irrelevant to the question of discoverability of the contact information for such

Page 3

persons. Contact information will allow Plaintiff to subpoena all such persons he desires and provide information with which to enforce such subpoenas. For those persons who are former employees, even Lennar recognizes that Rule 2-100 contains no prohibition against contact of these persons and the contact information sought will facilitate contact with those persons Plaintiffs desire to contact.

While Lennar claims below that it has provided "the names[2] of at least ten Construction Managers," it has disclosed personal contact information for just one former CM. It is also not clear where these ten CM names were disclosed. While Lennar served supplemental disclosures, listing 70 witnesses (including plaintiff and a custodian of record), what positions were held by those witnesses are not specified. Moreover, as for many of the 70 witnesses, Lennar has only offered defense counsel's information for the contact information. Lennar should be ordered to answer the interrogatories at issue by providing contact information for all those persons who have served as CMs, and specify who is a current and who is a former employee as requested in the interrogatories.

## Defendant Lennar's Position

As part of the pre-certification discovery in this action, Defendants have already provided Plaintiff with the names and contact information of 78 putative class members, as well as the names of at least ten Construction Managers ("CMs"). Additionally, Plaintiff will be taking the depositions of two current CMs, as well as the depositions of the President of Lennar's Northern California Division; the VP of Construction for Lennar's Northern California Division; and the former VP of Operations for Lennar's California Coastal Division. Yet Plaintiff wants even more. He seeks to obtain the names and contact information of all current and former CMs employed by Lennar in California during the past five years, despite the fact that the CM position is *not at issue in this case and the CM position is not within the scope of the proposed class*. In so doing, Plaintiff would have this Court completely disregard the third-party CMs' constitutionally protected privacy rights in favor of convenience for Plaintiff's counsel in pre-certification discovery. Plaintiff's request unquestionably infringes on the CMs' right of privacy in their contact information, and Plaintiff's asserted need for discovery does not outweigh the legitimate privacy interests of these third-party witnesses.

Federal courts apply state privacy laws in diversity cases. *See, e.g., Star Editorial, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 7 F.3d 856, 859 (9th Cir. 1993). Here, there can be no doubt that the employees whose contact information Plaintiff seeks to have disclosed possess a legally recognized privacy interest. *See, e.g., Pioneer Electronics (USA), Inc. v. Sup. Court*, 40 Cal. 4th 360, 372-375 (2007). As the court in *Belaire-West Landscape, Inc. v. Sup. Court*, 149 Cal. App. 4th 554 (2007) explained:

> The contact information for Belaire-West's current and former employees deserves privacy protection. In fact, the privacy concerns here are more significant than those in *Pioneer*, where the complaining consumers voluntarily disclosed their information to the company . . . . Here, the information was given to Belaire-West as a condition of employment. It is most probable that the employees gave their address and telephone number to their

---

2 Note Lennar does not mention whether it disclosed contact information for those named.

> employer with the expectation that it would not be divulged
> externally except as required to governmental agencies (such as the
> Internal Revenue Service, the Social Security Administration, etc.)
> or to benefits providers such as insurance companies.

*Id.* at 561. Federal law is in accord. *See, e.g., Nakagawa v. Regents of Univ. of California*, No. C06-2066, 2008 U.S. Dist. LEXIS 111332, at *5 (N.D. Cal. April 22, 2008).

Moreover, "[c]ourts have frequently recognized that individuals have a substantial interest in the privacy of their home." *Planned Parenthood Golden Gate v. Sup. Court,* 83 Cal. App. 4th 347, 359 (2000) (disclosure of names, addresses, and telephone numbers of association members for contact purposes implicates privacy interest in sanctity of home). The right to privacy extends to employee personnel information, including the home addresses and telephone numbers sought by Plaintiffs. *Bd. of Trustees v. Sup. Court*, 119 Cal. App. 3d 516, 528-530 (1981). And, courts have widely held that individuals have a significant privacy interest in not receiving unwanted and unsolicited contacts. *See, e.g., City of San Jose v. Sup. Court*, 74 Cal. App. 4th 1008, 1019 (1999) (prohibiting disclosure of persons complaining to City about airport noise in part because such individuals may not desire to be contacted, and stating that "individuals have a substantial privacy interest in their home addresses and in preventing unsolicited and unwanted mail."). Here, the third party CMs do not expect that their private contact information will be involuntarily disclosed to someone they do not know and have no reason to expect would be obtaining it. Consequently, they have a reasonable expectation that their contact information will be kept private from unknown third parties.

Compelled discovery within the realm of the right to privacy cannot be justified solely on the ground that it may lead to relevant information. *See Britt v. Sup. Court*, 20 Cal. 3d 844, 855-56 (1978). Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling need for discovery against the privacy interest. *National Union Fire Ins. Co. of Pittsburgh v. Elec. Transit Inc.*, 2006 U.S. Dist. LEXIS 38440 at *7-8 (N.D. Cal. June 1, 2006).

Here, Plaintiff has offered no compelling reason to outweigh the constitutionally protected privacy rights of the CMs in their contact information. Plaintiff argues that he needs the CM contact information in order to understand the job duties of the ACMs, but Plaintiff has other avenues of discovery available to him for obtaining the information he seeks that do not involve trampling over the privacy interests of the third party CMs. Indeed, Plaintiff has contact information for 78 Assistant Construction Managers ("ACMs") – 16.9% of the putative class – and he fails to explain why he cannot obtain sufficient information about the ACM job duties by asking the ACMs themselves. Moreover, Plaintiff has the names of at least 10 CMs and can notice any of them for deposition.[3] In short, Plaintiff does not need the contact information of *all* CMs to prepare for class certification, in light of the other discovery available to him. And since the CMs are third-parties, *not* putative class members, they certainly have an even greater interest in not having their contact information disclosed, especially given that courts have refused to compel production of *class members'* contact information where Plaintiff had adequate information to move for class certification. *Krzesniak v. Cendant Corp.*, No. C05-5156, 2007 WL 756905, at *1 (N.D. Cal. March 8, 2007) (denying a request for putative class

---

[3] Plaintiff also rejected Lennar's suggestion made during the meet and confer conference that the parties conduct joint interviews of a random sampling of CMs.

Page 5

members' contact information in a wage and hour case on the grounds that Plaintiff had adequate information to move for class certification).

None of the cases cited by Plaintiff supports his request for such a broad disclosure of non-party contact information. *Khalilpour v. Cellco Partnership*, 2010 WL 1267749 (N.D. Cal. April 1, 2010) is inapposite because it involved a request for disclosure of *putative class member* contact information, not third-party witness contact information. *Puerto v. Superior Court*, 158 Cal App. 4th 1242 (2008) is also distinguishable. In *Puerto*, in response to an interrogatory asking defendant to identify percipient witnesses, defendant disclosed a massive list of names but refused to provide their contact information. Significantly, the court only compelled disclosure of the witness contact information because the defendant specifically identified those individuals in its interrogatory response as percipient witnesses, and the court found that plaintiff was legitimately entitled to contact information "to accompany the witness names that Wild Oats had already released." *Id.* at 1248-1249. Unlike the circumstances in *Puerto*, this is not a situation where Defendants have identified specific witnesses but refused to tell Plaintiffs how to find them. Defendants have never asserted that all CMs are percipient witnesses in this action. The *Puerto* court also acknowledged that discovery of contact information "may be prohibited where the information violates the right to privacy and is not necessary to the prosecution of the matter." *Id.* at 1254. Plaintiff here cannot show that the disclosure of all CM names and contact information is necessary to the prosecution of this matter, particularly where he already has contact information for 78 putative class members.

Defendants object to Plaintiff's request as to current CMs for the additional reason that Rule 2-100 of the California Rules of Professional Conduct prohibits ex parte communications with an employee of a corporation "if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization." Rule 2-100(B)(2). Plaintiff may not initiate ex parte contact with current CMs because statements of current CMs might be considered admissions by Lennar. *See* Fed. R. Evid. 801(d)(2)(D) (A statement is not hearsay if—"The statement is offered against a party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]"). Moreover, the acts or omissions of CMs in connection with the subject matter of this action, for example, the hours the ACMs work, might be imputed to Defendants for the purpose of civil liability in this action, thereby invoking the application of Rule 2-100(B)(2). As such, Plaintiff cannot be allowed to have ex parte contact with current CMs.

For the reasons set forth above, Lennar should not be required to disclose the names and contact information of current and former CMs employed in California during the class period.

Respectfully submitted,

HINTON, ALFERT & SUMNER                    MEYER WHITE


AARON KAUFMANN                             *for* JULIA NYE
AK/ta