UNITED STATES DISTRICT COURT

Northern District of California

ERIC GUNDERSEN,

        Plaintiff,

   v.

LENNAR ASSOCIATES MANAGEMENT, LLC, et al.,

        Defendants.
_____/

No. C 09-2270 CRB (MEJ)

**ORDER RE DISCOVERY DISPUTE (DKT. ##147, 148)**

    The Court is in receipt of the parties' joint discovery dispute letters, filed on November 24, 2010. (Dkt. #147 ("Joint Letter 1"); Dkt. #148 ("Joint Letter 2".) The disputes arise from an alleged overtime mis-classification class action suit for Assistant Construction Managers ("ACMs") of Defendant Lennar Associates Management ("Lennar"). (Dkt. #1.) Plaintiff Eric Gundersen ("Plaintiff") seeks production of names and contact information for all Construction Managers ("CMs") in California during the class period and of job descriptions for all California CMs during the class period. Plaintiff argues that they are necessary for understanding ACMs' job duties because the ACM position is largely designated to assist CMs. (Joint Letter 1 at 1; Joint Letter 2 at 2.) Plaintiff further argues that he needs access to the CMs throughout the state. (Joint Letter 1 at 3; Joint Letter 2 at 2.)

    Lennar has refused to provide the contact information to Plaintiff on privacy grounds, insisting that Plaintiff can interview ACMs for their job duties, Lennar has already provided at least ten names of CMs through which Plaintiff can take depositions, and Lennar offered joint interviews of a random sampling of CMs, which Plaintiff rejected. (Joint Letter 1 at 3, 4.) As to the job descriptions, Lennar argues that producing all CMs' job descriptions is overly broad and unduly burdensome because Lennar has to review the employment files of all CMs manually or electronically, and because Lennar has already produced all job descriptions of ACMs and thirty-

two CM job descriptions from Lennar's Bay Area Homebuilding Division. (Joint Letter 2 at 3, 4.)

Upon careful review of the parties' arguments, the Court finds that Plaintiff has not shown why he cannot obtain sufficient information regarding ACMs' job duties from ACMs and the information already provided. Therefore, as to job descriptions of all CMs, the Court denies Plaintiffs' request since it is overly broad and unduly burdensome. As to contact information, the Court finds that any need for all CMs' contact information is outweighed by their privacy interests, given that CMs are not putative class members. However, the Court notes that Lennar appears to have provided at least ten CMs' names as potential witnesses. (Joint Letter 1 at 3.) Accordingly, as to the CMs identified by Lennar in the witness list, the Court finds that Lennar shall provide contact information for them and specify whether they are current or former employees. In addition, considering the primary job duties of ACMs are to assist CMs, the Court further finds that Plaintiff is entitled to depose five CM declarants and a representative sampling of CMs. (Joint Letter 1 at 1, 4.) Accordingly, the Court orders Lennar to produce five CM declarants and a random sampling of CMs for depositions or joint interviews upon Plaintiff's request. To facilitate this, the Court orders the parties to meet and confer to determine which CMs shall be produced.

Based on the forgoing, the Court GRANTS Plaintiff's request for production for contact information of CMs, but limited to those identified by Lennar in the witness list. The Court ORDERS Lennar to produce contact information of the identified CMs within seven days of this order, subject to the protective order (Dkt. #30.). The Court further ORDERS Lennar to produce five declarants and a random sampling of five CMs for deposition (or joint interviews upon Plaintiff's request). The parties shall meet and confer in good faith to determine which CMs shall be produced within seven days of this order. Said depositions shall be on a statewide basis.

**IT IS SO ORDERED.**

Dated: December 3, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge