Aaron Kaufmann, Cal. Bar No. 148580
David Pogrel, Cal. Bar No. 203787
HINTON ALFERT SUMNER & KAUFMANN
1646 North California Boulevard, Suite 600
Walnut Creek, California  94596
Telephone: (925) 932-6006
Facsimile:  (925) 932-3412

Richard J. (Rex) Burch, Texas Bar No.24001807
BRUCKNER BURCH PLLC
1415 Louisiana, Suite 2125
Houston, Texas  77002
Telephone:  (713)877-8788
Facsimile:  (713)877-8065
Admitted *Pro Hac Vice*

Attorneys for Plaintiff and the Settlement Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GUNDERSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENNAR ASSOCIATES MANAGEMENT, LLC; LENNAR CORPORATION, dba LENNAR HOMES; and DOES 1- 10, inclusive ,<br><br>Defendants. | No. C09-02270 CRB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:  October 21, 2011<br>Time:  10:00 a.m.<br>Dept:  6, 17th Floor |

1    NOTICE IS HEREBY GIVEN that, pursuant to the Court's Preliminary Approval Order of July 11, 2011 [DKT No. 171], on October 21, 2011 at 10:00 a.m. before Honorable Charles R. Breyer, District Court Judge, in Courtroom 6 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Eric Gundersen, individually on behalf of himself and a conditionally certified class of Assistant Construction Managers employed by Defendants in the State of California at any time since April 20, 2005 until December 31, 2010, will move this Court for an Order for the following:

1.   granting Final Approval of the Class Action Settlement as set forth more particularly in the "Joint Stipulation of Class Action Settlement and Release" ("Settlement Agreement") with the preliminary approval papers [DKT No. 167, Exh. 1];

2.   certifying the above-captioned case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only;

3.   certifying the above-captioned case as a collective action under the federal Fair Labor Standards Act pursuant to 29 U.S.C. §216(b) for settlement purposes only;

4.   approving a Class Representative Service Award of $25,000 for Plaintiff Eric Gundersen; and,

5.   approving the award of attorneys' fees and expenses, as set forth in the Motion for Attorneys Fees and Expenses filed on September 6, 2011 [DKT No. 172].

This motion is made on the grounds that the Parties have reached a proposed settlement which they believe to be fair, reasonable and adequate and in the best interests of the class and all Parties.  Further, pursuant to the Court's instructions, the Settlement Class conditionally certified by this Court for purposes of settlement was notified of the terms of the Settlement, how to file claim to recover from the Settlement, how to object to the Settlement, and how to opt-out of the Settlement.  There have been no objections filed to date and no opt outs.

This Motion is based on this Notice of Motion and attached Memorandum of Points and Authorities; Declarations of Richard J. Burch and Phil Cooper (Settlement Administrator); and the [Proposed] Order Granting Final Approval of the Class Action Settlement filed and served

1  herewith, and any other documents or evidence which the Court may consider at the hearing of this
2  motion.
3  DATED:  October 11, 2011              Respectfully submitted,

4                                          **/s/ Rex Burch**
                                        Richard J. (Rex) Burch (admitted *pro hac vice*)
5                                       Texas Bar No. 24001807
                                        BRUCKNER BURCH PLLC
6                                       1415 Louisiana St., Ste. 2125
                                        Houston, TX 77002
7                                       713-877-8788 (Telephone)
                                        713-877-8065 (Facsimile)
8
                                        Aaron Kaufmann, Cal. Bar No. 148580
9                                       David Pogrel, Cal. Bar No. 203787
                                        HINTON ALFERT SUMNER & KAUFMANN
10                                      1646 North California Boulevard, Suite 600
                                        Walnut Creek, California  94596
11                                      Telephone: (925) 932-6006
                                        Facsimile:  (925) 932-3412
12
13                                      ATTORNEYS FOR PLAINTIFF AND THE
14                                      SETTLEMENT CLASS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR          - 2 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Eric Gundersen ("Plaintiff" or "Class Representative") moves for final approval of the Class Action Settlement Agreement (hereinafter "Settlement Agreement" or "Settlement") entered into with Defendants Lennar Associates Management LLC and Lennar Corporation dba Lennar Homes ("Defendants" or "Lennar") to resolve overtime, meal periods, and related claims on behalf of a class of Lennar Assistant Construction Managers ("ACMs") that worked for Lennar or any of Lennar's subsidiaries or affiliates in California.[1] The class period covers the time period of April 20, 2005 through December 31, 2010. The Settlement affords a substantial recovery on Settlement Class Members' overtime claims, resulting in an average pay out of over $4,400 per claimant[2] and several receiving over $20,000.

The essential terms of the Settlement are as follows:

1. <u>Settlement Fund</u>—Lennar agreed to pay up to $2,900,000 ("Settlement Fund") to pay all class claims; Plaintiffs' claims and Class Representative service payment; attorneys' fees and litigation expenses to Class Counsel; and settlement administration costs. Lennar will deposit the Settlement Fund with the Kurtzman Carson Consultants ("KCC"), the Court-appointed Settlement Administrator, within 10 business days after the Court's grant of final approval becomes final in a Judgment that is final within the meaning of Section 2.7 of the Settlement Agreement.

2. <u>Class Representatives Payment</u>—In consideration of his service as representative for the class, Class Representative will receive $25,000 from the Settlement Fund in addition to the payment for resolution of his overtime, meal period, and related claims.

---

[1] As ordered by the Court, Class Counsel filed a separate Motion for Approval of Attorneys' Fees and Expenses on September 6, 2011, which is calendared to be heard along with the subject motion herein. See DKT No. 162.
[2] Those claimants who did not previously sign a waiver or release will receive an average pay out of over $6,600 per claimant.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR - 1 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

3. <u>Class Counsel's Fee and Expense Payment</u>—up to 29% of the Settlement Fund will be paid to Class Counsel as compensation for their services to the Settlement Class and $20,296.21 as reimbursement of their out-of-pocket litigation expenses.

4. <u>Settlement Administration</u>—KCC distributed the Class Settlement Notice to each of the Settlement Class Members, including an individual estimate of settlement payouts to each Settlement Class member. The Settlement Administrator's fee of up to $25,000 will be covered by the Settlement Fund. Upon final approval and funding of the Settlement by Lennar, KCC will draw and distribute checks to the Settlement Class members.

5. <u>Scope of Release and Final Judgment</u>--The release set forth in the Settlement corresponds to the factual allegations in the operative complaint that Lennar misclassified the ACMs as "exempt," releasing claims for wage and hour violations such as overtime, minimum wage, meal period pay, waiting time penalties, itemized pay statement penalties, and related UCL claims. Upon final and full payment of the Settlement Fund, the parties will seek a dismissal of the entire case with prejudice and final judgment on all of the class claims.

As detailed below, the parties complied with the Court's order of preliminary approval of this Settlement. The Class has embraced this settlement, with 67 percent of the Settlement Class Members filing claims, and not a single class member either objecting to the Settlement or opting out. In sum, the Settlement Agreement is fair, reasonable, and adequate. The Court should therefore grant final approval based on the terms of the Settlement and the absence of any opposition thereto.

## II. PROCEDURAL BACKGROUND

### A. The Court Preliminarily Approved This Settlement.

After nearly two years of litigation, the parties reached a proposed Settlement that would resolve the wage and hour claims of Lennar ACMs for up to $2,900,000. On July 8, 2011, the Court granted Plaintiff's motion for preliminary approval of the Settlement [DKT No. 171]. That Order, among, other things: (1) approved distribution of a class notice; (2) provided at least 60 days

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR - 2 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

for class members to opt out or object to the settlement; and (3) scheduled the final approval hearing for October 21, 2011. The Court also preliminarily approved the following payments from the Settlement Fund: $25,000 payment to the Class Representative for his service to the class; Class Counsel fees of twenty-nine percent (29%) and expenses of up to $25,000; and settlement administration costs of up to $25,000. In so doing, the Court determined that the class action settlement set forth in the Settlement Agreement and described above was within the range of reasonableness of a settlement that could ultimately be given final approval, appeared to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel, and thus presumptively valid, and that, on a preliminary basis, the settlement fund of up to $2,900,000 appeared to be fair and reasonable to all Class Members.

### B. The Settlement Administrator Mailed Class Notice and the Class Responded Favorably.

The Settlement Administrator, KCC, distributed class notice along with the approved forms ("Notice Packets") by mail on July 22, 2011 to 462 class members.[3] Originally, 72 Notice Packets were returned by the Post Office, four of which had a forwarding address. KCC performed a skip trace using credit and other public source databases in an effort to locate a better address for these Class Members.[4] Ultimately, 32 Notice Packets were believed to be undeliverable.[5]

Class Counsel also engaged in outreach efforts to ensure Settlement Class Members received their Notice Packets and understood how to file a claim should they decide to participate in the Settlement.[6] These efforts included making telephone calls to the vast majority of Settlement Class and performing internet searches (Google, LinkedIn, Facebook) to locate contact information for those whose information appeared to be outdated.[7]

Not one Settlement Class Member filed an objection or returned an election to opt out of the settlement.[8] However, 309 Class Members (67% of the total class members) made claims for

---

[3] Declaration of Phil Cooper (Settlement Administrator), ¶ 9, filed herewith.
[4] *Id.* ¶¶ 11-12.
[5] *Id.* ¶ 14.
[6] Declaration of Richard J. (Rex) Burch ("Burch Decl.") ¶ 11, filed herewith.
[7] *Id.*.
[8] Settlement Administrator Decl. ¶¶ 16-17.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR  - 3 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

more than 72% of the available funds.[9]  Subject to verification by Defendants, a total of $1,445,811.16 will be distributed to the Class, an average of $4,402.70 per Class Member.[10]  For those Settlement Class Members who did not previously enter into a waiver and release agreement with Defendants, the average payout is $6,660.73.[11]  Eleven are receiving payments exceeding $20,000, with the highest payout estimated to be $23,922.02 after subtracting employer taxes.[12]  The high claims rate[13] and the absence of any objection to any aspect of the Settlement, demonstrates the Class is in favor of final approval.

C.   **Time and Expenses of Counsel for Plaintiffs.**

As set forth in Plaintiffs' Motion for Approval of Attorney's Fees and Expenses (see DKT. Nos. 172-176), Class Counsel have devoted more than 1,240 hours investigating, litigating, negotiating, and preparing the Settlement for Court approval as of August 31, 2011.  This amounted to a combined lodestar of over $628,000 based on market hourly rates for counsel and their staff.  See DKT. Nos. 173, 174 and the attachments thereto.  Class Counsel have devoted many more hours in September reaching out to Settlement Class Members, as described above, and preparing these papers.[14]  Class Counsels' combined lodestar continues to rise, as they devote more hours preparing for the final approval hearing (including the final drafting of this motion), monitoring and ensuring the Settlement is administered pursuant to the Court's orders, and preparing the necessary filings for final judgment.  Not a single Settlement Class Member objected in any way to the requested fee.  Therefore, for the reasons set forth in the Motion for Approval of Attorney's Fees and Expenses, the requested fees and expenses are appropriate and should be allowed as part of the final approval process.

D.   **Final Judgment and Payout Schedule.**

Lennar will deposit the Maximum Payment with the Settlement Administrator within 10 business days after the date on which the time to challenge any aspect of this Settlement by appeal

---

[9] *Id.*t ¶¶ 18-19.
[10] *Id.* ¶¶ 20-21.
[11] *Id.* ¶ 22.
[12] *Id.* at ¶¶ 23-24.
[13] See Settlement Administrator Decl., ¶ 26 (noting that the 67% claim rate exceeded its even highest projection); Tiffany Allen, *Anticipating Claims Filing Rates in Class Action Settlements*, Class Action Perspectives (Rust Consulting, Nov. 2008) (claim rates in employment class action may range as low as 20%).
[14] Burch Decl. ¶ 11.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

- 4 -

has lapsed, provided that no appeal has been filed.[15] The Settlement Administrator will then be responsible for issuing class award checks. It will also mail those checks to the Settlement Class Members and issue all appropriate IRS Forms. The Settlement Administrator will pay Class Counsel its fee and litigation expenses and Class Representatives their settlement share and service award on the same schedule.

### III. ARGUMENT

**A.    Standard of Review by the Court.**

Court approval is required for the settlement of a class action. *See* Fed. R. Civ. Pro. 23(e). The court has broad discretion in reviewing a proposed class settlement for approval. *See Officers for Justice v. Civil Serv. Comm'n. of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Approval of a class action settlement may be reversed only upon a strong showing of clear abuse of discretion. *See Id.*

This Court now must make a final determination whether the proposed settlement set forth in the Settlement Agreement is fair, reasonable, and adequate. *Officers for Justice*, 688 F.2d at 625; *Manual for Complex Litigation* (4th ed. 2004) (hereinafter "*Manual*"), § 21.61 at 308. Final approval is merited when "the interests of the class are better served by the settlement than by further litigation." *Manual* § 21.61 at 309. The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *See Officers for Justice*, 688 F.2d at 625; *Newberg on Class Actions* § 11.41 (4th ed. 2002) (and cases cited therein).

While the Court has broad discretion, its role is limited. It must make a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See Officers for Justice*, 688 F.2d at 625; *Manual* § 21.61 at 309 ("The judicial role in reviewing a proposed settlement is critical, but limited to approving the proposed settlement, disapproving it, or imposing conditions on it. The judge cannot rewrite the agreement.").

---

[15] If an appeal is filed, payment will be made within 10 business days after a final resolution of all appeals that result in the upholding of the Settlement.

Accordingly, due regard should be given to what is otherwise a private consensual agreement between the parties. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

**B.     The Class Received Adequate Notice.**

The Court-approved class notice adequately protects the due process rights of the absent class members. The class notice must explain the settlement and approval procedures, and must be reasonably calculated to apprise class members of the class settlement. *See* Fed. R. Civ. Pro. 23(c)(2)(B); *Mendoza v. Tucson School Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980). In its July 8, 2011 Order, the Court found that the Notice Packets adequately explained the settlement and approval procedures. The means of notice was also adequate, as the Notice Packets were sent to the last known addresses on file with Lennar for each qualified current and former employee. Diligent efforts were made—by both the Settlement Administrator and Class Counsel--to locate all potential class members. These notices thus reasonably apprised class members of the settlement and should be approved as being adequate.

**C.     The Settlement Is Presumed to Be Fair.**

This settlement is presumptively fair and should be approved. A court should presume a class settlement is fair where "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk v. Ford Motor Co.,*, 48 Cal. App. 4th 1794, 1802 (1996). Here, as described in the preliminary approval papers, the settlement negotiations between the parties were extensive and occurred at arms' length; Class Counsel engaged in substantial fact investigation, including formal discovery and informal exchanges, before settling; the parties exchanged data regarding the Class's potential recovery; Class Counsel prepared damages calculations; Class Counsel are highly experienced in this type of litigation; and there are no objectors. The Settlement is thus presumptively fair.

**D.     Settlement Avoids the Risks Inherent In Continued Litigation.**

When considering approval of this settlement, the Court must weigh the benefits of a certain and timely payout to the class against the risks inherent in continued litigation. *Manual* § 21.62 at 316 (class settlement approval process may consider "the advantages of the proposed

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR      - 6 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

settlement versus the probable outcome of a trial, … [and] the probability that the class claims, issues, or defenses could be maintained through trial on a class basis …").

This balancing supports final approval here because the Settlement affords the Settlement Class Members substantial relief on their underlying overtime, meal period, and related claims, while avoiding significant litigation risks. These risks include the fact that Lennar has legal and factual grounds available to oppose class certification and defend the merits of this action

Further, absent settlement, the parties would, at the very least, have to litigate class certification, motions for summary judgment or summary adjudication, and trial on liability (including multiple exemption defenses) and damages issues, should this matter not resolve. Appellate issues might also arise. Thus, this action could continue for several more years before final resolution if the Settlement is not approved.

While Class Counsel believe the underlying claims could be adjudicated on a class-basis and that the Class would prevail on the merits, they recognize the risks in defending against Lennar's positions. Resolution of these issues through motion practice, at trial, and/or on appeal would not only delay payment to the class, but also presents risks at each juncture that the class would not recover. These risks must be considered in assessing the fairness of the Settlement, which guarantees a substantial recovery from Lennar. The Settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also* 4 *Newberg* § 11.41 (citing cases). Because the Settlement provides immediate and substantial relief, without the attendant risks and delay of continued litigation, it warrants this Court's final approval.

E. **The Experience and Views of Counsel Favor Final Approval.**

Class Counsel support the Settlement as fair, reasonable, and adequate, and in the best interest of the class as a whole, and also believe it is an excellent result for the class, as explained in detail in the preliminary approval papers. This endorsement is worthy of significant weight given their experience in this type of litigation and detailed knowledge of the strengths and weaknesses of this case. *See Officers for Justice*, 688 F.2d at 625.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR - 7 -
FINAL APPROVAL OF SETTLEMENT AND CERTIFICATION
OF SETTLEMENT CLASS - C09-02270 CRB

**F.      The Class Representative's Service Award Is Well-Justified.**

Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incur during class action litigation. *See Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001). *See also Manual* § 21.62, fn 971 (noting that such awards "may sometimes be warranted for time spent meeting with class members or responding to discovery"). In *Ingram v. Coca-Cola*, the court approved incentive awards of $300,000 to each named Plaintiffs in recognition of the services they provided to the class by responding to discovery, participating in the mediation process, and incurring the risk in stepping forward on behalf of the class. *See Ingram*, 200 F.R.D. at 694. *See also, Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D. Cal. 1995) (approving $50,000 participation award).

The factors courts use in determining the amount of service awards include: (1) time and effort put into the litigation; (2) risks of retaliation, *see, e.g., Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 202 (S.D.N.Y. 1997) and *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); (3) a comparison between the service awards and the range of monetary recovery available to the class, *see, e.g., Ingram .*, 200 F.R.D. at 694 and *Roberts*, 979 F. Supp. at 204; and (4) whether the litigation will further the public policy underlying the statutory scheme, *see, e.g., Roberts*, 979 F. Supp. at 201 n.25. All of the above factors support the service award requested here.

As explained in Plaintiff's declaration in support of the preliminary approval papers in the present case, Plaintiff Eric Gundersen came forward and initiated this action on behalf of the entire class. Gundersen incurred significant risk to his career and professional reputation by filing a major class action against Lennar--an industry leader in housing construction industry--at a time when he was unemployed and searching for construction work. His personal risk was heightened when Lennar filed a counterclaim against him in this case, exposing him to potential damages and Lennar's attorneys' fees and costs. During the litigation, Gundersen was deposed, responded to discovery, produced documents, assisted counsel in bringing the case and investigating the underlying merits, travelled across the country to attend mediation, conferred with counsel on settlement negotiations, and monitored the progress of the litigation. Moreover, Plaintiff had regular contact with Class Counsel, conferring on factual matters as they developed and helping

locate witnesses. Finally, Gundersen was required to sign a general release to resolve these claims, unlike the more limited class member release that is tailored to the claims in this case. A $25,000 payment fairly compensates him for the risk incurred, services rendered to the class, and substantial assistance provided to Class Counsel. The class notice explicitly set forth the details of this service award payment; no one objected. The proposed payment to the Class Representative is therefore appropriate and justified as part of the overall settlement and warrants final approval from this Court. *See, e.g., Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715, 726 (2004) (upholding "service payments" to named Plaintiffs for their efforts in bringing the case); *Thornton v. East Texas Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974) ("We also think there is something to be said for rewarding those drivers who protest and help to bring rights to a group of employees who have been the victims of [unlawful employment practices]").

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court (1) find that the notice of Settlement to the Settlement Class Members was adequate; (2) find that the terms of the Settlement Agreement are fair and reasonable; and (3) grant final approval to the Settlement Agreement.

DATED: October 11, 2011         Respectfully submitted,

**/s/ Rex Burch**
Richard J. (Rex) Burch (admitted *pro hac vice*)
Texas Bar No. 24001807
BRUCKNER BURCH PLLC
1415 Louisiana St., Ste. 2125
Houston, TX 77002
713-877-8788 (Telephone)
713-877-8065 (Facsimile)

Aaron Kaufmann, Cal. Bar No. 148580
David Pogrel, Cal. Bar No. 203787
HINTON ALFERT SUMNER & KAUFMANN
1646 North California Boulevard, Suite 600
Walnut Creek, California 94596
Telephone: (925) 932-6006
Facsimile: (925) 932-3412

ATTORNEYS FOR PLAINTIFF AND THE
SETTLEMENT CLASS